Fremont-Smith, J.
In this prosecution for possession of drugs, the defendant contends that the stop of the motor vehicle in which he was riding was illegal, so that all subsequent searches and seizures and his subsequent arrest should be suppressed.
Based upon all the credible evidence, the Court finds the following facts. On November 28, 1997, Detective Rivera of the Lowell police department received information from an identified informant who had proven to be reliable in the past, that drugs could be ordered by calling “Pedro,” following which drugs would be delivered by a blue Ford Escort. The detective then undertook a surveillance of the building in front of which the identified blue Ford Escort was parked, 116 Appleton Street. Pedro Perez was seen to come out of the building, to enter the Escort, and to drive away. In front of a store known as ‘Tower News,” his car slowed down and two individuals who were known to the detective to have previously been engaged in drug distribution, approached the car and raised ten fingers. The detective, based upon his training and experience in narcotics, understood this to be a signal that the person had ten packets of drugs available for sale. The defendant then drove to 69 Washington Street, which the detective identified as a location known to him for drug activity. After exiting the building, defendant then drove about 100 yards down the street. At this point, the detective, (who knew Perez, and knew that he did not have a valid automobile driver’s license), pulled him over. When asked to show his license, Perez stated “I don’t have a license.” As the detective then saw Perez reach toward his pocket, he became concerned for his safety and told Perez to step out of the vehicle, which Perez did. As he got out of the vehicle, packets of heroin fell out of Perez’s hand, which the detective retrieved. Perez was then arrested, and an inventory search was conducted of the automobile, in which eighty-two plastic bags of heroin and cocaine were found.
Defendant’s counsel argues that the stop and arrest were illegal because the defendant was purportedly arrested first for a motor vehicle violation (driving without a license), which was clearly a pretext to stop and search him and the car for drugs. The detective, defendant contends, was obligated to arrest Perez as soon as he had been seen driving the automobile without a license, rather than having placed Perez under surveillance and then waited until such time as he was believed to be in possession of drugs, before he was stopped and arrested.
The Court disagrees. The fact that the detective had the defendant under continuing surveillance for drug activity does not limit the detective’s power to make an otherwise authorized stop for a motor vehicle violation, even if the officer suspected that defendant would also be found to be in possession of drugs. In Commonwealth v. Santana, 420 Mass. 205, 208-09 (1995), where the officer stopped defendant’s car for a motor vehicle violation, which defendant contended was a mere pretext for a drug search, the Court cited with approval the “authorization" test employed in United States v. Trigg, 878 F.2d 1037, 1041 (7th Cir. 1989), cert. den. sub. nom. Cummings v. United States, 502 U.S. 962 (1991), where the Court said that “it is irrelevant whether a reasonable police officer would *658 have made the stop but for the unlawful motive; the stop is valid so long as they are doing no more than they are legally permitted and objectively authorized to do." The Court in Santana went on to hold that “Massachusetts cases follow the ‘authorization’ approach.” Id., 209. Here, moreover, at the time of the stop, the officer also had reasonable cause to believe that defendant, at that point, was also in illegal possession of drugs, which provided an additional justification for the arrest. Id., 209-10. Accord, Commonwealth v. Smigliano, 427 Mass. 490, 493 (1998) (officer’s motive for arrest is irrelevant if, objectively, the officer had grounds for an arrest).
ORDER
Accordingly, defendant’s motion to suppress is DENIED.